# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PRESTON,<br><br>    Defendant. | Case No.: 1:16-cv-01617-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE PRE-ANSWER MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>[ECF No. 14]<br><br>**Motion for Summary Judgment Deadline**: October 30, 2017 |

## I.

## INTRODUCTION

Plaintiff Marcellas Hoffman is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant's application for leave to file a pre-answer motion for summary judgement on exhaustion of administrative remedies, filed on August 18, 2017. (ECF No. 14.) Defendant makes the request in light of the procedures recommended by the Ninth Circuit in

1

Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014). Defendant asserts that he was not properly served in this matter, and therefore the time to respond to the complaint has not yet began to run. Nevertheless, Defendant seeks leave to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, before filing any responsive pleading, including any potential motion under Federal Rule of Civil Procedure 12.

Defendant asserts that his motion can be filed within sixty days of the Court's order. Defendant further asserts that should the case survive summary judgment, then he intends to file a motion to dismiss based on the recent Supreme Court decision in Ziglar v. Abassi, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017).

## II.

## DISCUSSION

The Federal Rules of Civil Procedure provide that a party must serve an answer within 21 days after being served with the summons and complaint or if service has been time waived under Rule 4(d) within 60 days after the request for waiver was sent. Fed. R. Civ. P. 4(a)(1)(A). Under Rule 56, a party may move at any time, with or without supporting affidavits, for summary judgment on part or all of the claims. Fed. R. of Civ. Proc. 56(b). This means that a party may file a summary judgment motion before filing an answer.

In contrast to Rule 12(a), which extends the time to file an answer when a Rule 12 motion is made, Rule 56 is silent about whether filing a summary judgment motion tolls the time to file an answer. Some courts have concluded that by analogy to Rule 12(a), it is appropriate to extend the time to file the answer until after the court decides the summary judgment motion "where such motion adequately contests the action." See Mann v. Lee, No. C 07-00781 (MMC), 2009 WL 5178095 (N.D. Cal. Dec. 22, 2009) (collecting cases and citing 10A Wright & Miller, Fed. Prac. & Proc., § 2718 at 301 (3d ed. 1988)); Klebanow v. New York Produce Exchange, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (court has discretion to entertain pre-answer motion for summary judgment); but see Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 8:881 (The Rutter Group 2015) (citing Modrowski v. Pigatto, 712 F.3d 1166, 1170 (7th Cir. 2013) (the filing of a motion for summary judgment under Rule 56 does not toll the time to answer).

Defendant requests leave to file a motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Defendant argues that the motion promotes judicial efficiency, as a ruling in Defendant's favor would dispose of Plaintiff's claims.

The Court finds that Defendant's proposed motion for summary judgment adequately contests the action. Ray Bourhis & Associates v. Principal Life Insurance Company, 2015 WL 7180621 (N.D. Cal. Nov. 19, 2015) (concluding that if the motion adequately contests the action, it tolls the time for filing an answer). Therefore, the Court shall exercise its discretion to allow Defendant to file a pre-answer motion for summary judgment, and shall toll the time for Defendants to file an answer until decision on the motion for summary judgment.

While the Court exercises its discretion in allowing a motion for summary judgment to be filed pre-answer, Defendant is advised that he may not claim to have not appeared for the purposes of limited discovery, should that become an issue for purposes of opposing the motion. Further Defendant has raised in his motion a question of whether service of process has been properly effected, and the possibility of bringing a defense of insufficiency of service of process in this matter. By granting leave for Defendant to file a pre-answer motion for summary judgment under Rule 56, the Court makes no ruling on any waiver of defense issues. If Defendant disagrees, then he may file a response to the complaint and litigate accordingly.

### III.
### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's ex parte request for leave to file a pre-answer motion for summary judgment motion (ECF No. 14) is granted;
2. Defendant's time to file an answer is tolled until decision on the motion for summary judgment;
3. Defendants motion for summary judgment shall be filed on or before October 30, 2017; and

///

3

4. Plaintiff's opposition to the motion is due twenty-one days after service of the motion for summary judgment. (Local Rule 230(l)).

IT IS SO ORDERED.

Dated: **August 29, 2017**

UNITED STATES MAGISTRATE JUDGE