# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. COYLE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01617-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 8, 10] |

    Plaintiff Marcellas Hoffman is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, (1971), which provides a remedy for violation of civil rights by federal actors. On December 5, 2016, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 4.) Defendant Preston has declined to United States Magistrate Judge jurisdiction. (ECF No. 21.)

    On May 9, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a cognizable claim against Defendant Preston for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. (ECF No. 8.) Following Plaintiff's notification of intent to proceed only on the claims found to be cognizable, (ECF No. 9), on May 23, 2017, the Court dismissed all other claims and defendants for the failure to state a cognizable claim for relief, (ECF No. 10). The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on

1

the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims described in its May 23, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims described below be dismissed, for the reasons explained herein.[1]

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

---

[1] On October 23, 2017, Defendant Preston filed a motion for summary judgment for the failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). (ECF No. 20.) As discussed herein, these findings and recommendations are based upon a screening of the allegations in Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), at the time that it was filed. The Court makes no findings on the merits of the arguments, defenses, or affirmative defenses raised in the pending motion for summary judgment. Instead, separate findings and recommendations will issue on that motion in due course.

that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**COMPLAINT ALLEGATIONS**

Plaintiff is a federal prisoner and is currently housed at United States Penitentiary Lee in Pennington Gap, Virginia. The incidents alleged in the complaint occurred while Plaintiff was housed at the United States Penitentiary Atwater. (Compl. 1.)[2]

On January 1, 2016, Plaintiff's supervisor, Defendant Coyle, called Plaintiff a snitch because Plaintiff had written up a proposal to try and help Food Services save money and prevent waste. (Compl. 3.) Around January 7, 2016, Plaintiff was working in the kitchen and was asked by the Food Administrator, Mr. Madan, if Defendant Coyle had cut the holiday pies in eighths. (Compl. 2.) Plaintiff responded by showing him a pie, and responding that the pies had been cut into eighths. (Compl. 2.) Defendant Coyle told other inmates that Plaintiff was a "snitch". (Compl. 2-3.) Other inmates asked Plaintiff why Defendant Coyle was telling the inmates that Plaintiff had snitched on him about some pies. (Compl. 3)

Plaintiff went to Maden and told him that Defendant Coyle was going around telling other inmates that Plaintiff had snitched on him because Plaintiff had answered the question

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

about the pies. (Compl. 3.) Defendant Coyle was called into the office and said that he was only "playing" with Plaintiff by calling him a snitch. (Compl. 3.) Plaintiff alleges that calling an inmate a snitch is "fighting words" because an inmate can get stabbed for calling someone a snitch in prison. (Compl. 3.)

Plaintiff informed Warden Matevoisain , Special Investigator Supervisor L. T. Hayes, and Special Investigator Agent Fields who all failed to take action to prevent any potential harm to Plaintiff or to take any action against Defendants Coyle and Preston. (Compl. 3-4.)

On February 26, 2016, Defendant Preston, during a conversation to Officer DeCarie in front of other inmates stated, "inmates are snitching in the staff dining hall and writing officers names down who are not paying for meals." (Compl. 5.) Plaintiff responded to Defendant Preston that "I am not snitching on no one, if you are talking about me." (Compl. 5.) Defendant Preston stated, "Fuck you Hoffman, you ain't nobody in here, I heard about you, you are snitching." (Compl. 5.)

Plaintiff alleges that Defendant Preston retaliated against Plaintiff by filing a false incident report claiming that Plaintiff had threatened him by stating, "I'll whoop your ass." (Compl. 5.) Plaintiff was found guilty of insolence towards a staff member.[3] (Compl. 36.) Defendant Preston offered to pay other inmates to harm Plaintiff and to have Plaintiff removed from the Food Services Department due to writing and preparing a Food Services proposal. (Compl. 5.)

Plaintiff alleges that the actions violated his rights under the First Amendment to be free from retaliation and were deliberately indifferent in violation of the Eighth Amendment. (Compl. 4-5, 6.) Plaintiff is seeking monetary damages. (Compl 7.)

///

---

[3] Plaintiff alleges that the allegation was found to be false. On screening, the Court is to accept the allegations in the complaint as true. Iqbal, 556 U.S. at 678. However, the Court is not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff admitted to cussing out Defendant Preston and the adjudicator found this to be an admission that he was insolent and made inappropriate remarks to the staff member. (Compl. 36.)

# IV.

# DISCUSSION

## A. Linkage Requirement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). To state a claim, Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones, 297 F.3d at 934. Further, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a cognizable claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676-77; Ewing v. Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Simmons v. Navajo County, Az., 609 F.3d 1011, 1020-21 (2010); Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff's complaints contain no factual allegations against Defendants Matevoisain, Hayes, and Fields. To the extent that Plaintiff is seeking to bring a claim based on the processing of his inmate appeal, "[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d at 609-10 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005)); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).

The actions complained of in the complaint were completed before Plaintiff's appeal was filed and Plaintiff's conclusory allegation that he informed the defendants and they failed to take action to prevent any potential harm to Plaintiff is insufficient for the Court to infer that Defendants Matevoisain, Hayes, and Fields are liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. Plaintiff has failed to state a cognizable claim against Defendants Matevoisain, Hayes, and Fields.

**B.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that he was retaliated against because he answered Mr. Madan's question about how many slices the holiday pies were cut into, reported that officers were not paying for their meals, and submitted a food services report about waste in the food services department.

1  The Court shall assume without deciding that Plaintiff has engaged in protected conduct.

2  Plaintiff's allegation that Defendant Preston falsely stated that Plaintiff threatened him
3  and offered to pay other inmates to harm Plaintiff and have him removed from the kitchen due to
4  his reporting that staff were not paying for meals is sufficient to state a cognizable claim for
5  retaliation.

6  Plaintiff alleges that Defendant Coyle falsely labeled him a snitch. Plaintiff does not
7  contend that he did not do the acts that Defendant Coyle accused him of but takes issue with
8  being called a snitch because he reported waste in the kitchen and told Mr. Maden that
9  Defendant Coyle had cut the pies into eighths instead of sixths. Plaintiff alleges that Defendant
10 Coyle was called into Mr. Maden's office and explained that he was only playing with Plaintiff.
11 (Compl. 3.) Plaintiff's allegations that other inmates asked him why Defendant Coyle was
12 calling him a snitch over some pies is insufficient in this instance for the Court to reasonably
13 infer that Defendant Coyle took adverse action against Plaintiff because he answered a work
14 related question or submitted a food services proposal to reduce waste.

15 Accordingly, the Court finds that Plaintiff has failed to state a cognizable retaliation
16 claim against Defendant Coyle.

### C. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

To prove a violation of the Eighth Amendment, the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Thomas, 611 F.3d at 1150 (quoting Farmer, 511 U.S. at 844). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

At the pleading stage, Plaintiff's allegation that Defendant Preston offered to pay inmates to harm him to get him removed from the Food Services department is sufficient to state a cognizable claim for violation of the Eighth Amendment.

However, as to Plaintiff's Eighth Amendment claims based on being called a snitch, Plaintiff's allegations of potential harm are insufficient to show that any named defendant was aware that he was at a substantial risk of harm. Plaintiff fails to allege facts by which the Court can reasonably infer that any other named defendant was aware that Plaintiff was at a substantial risk of serious harm and failed to adequately respond. Therefore, the Court finds that Plaintiff has failed to state a claim against any other defendant named in this action.

**D.    Joinder**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Here, Plaintiff is attempting to bring unrelated claims against unrelated defendants in this action. Plaintiff's retaliation and deliberate indifference claims against Defendant Preston are unrelated to his attempted claim against Defendant Coyle. While Plaintiff is alleging that both Defendants retaliated against him, these claims arise out of separate and distinct incidents and do not involve the same defendants. Therefore, these claims are improperly joined in this lawsuit.

As noted above, the Court finds that Plaintiff has stated claims against Defendant Preston, and that this action may proceed on Plaintiff's retaliation and deliberate indifference claims against Defendant Preston in this action. However, the Court finds that Plaintiff did not state any cognizable claim for retaliation in violation of the First Amendment against Defendant Coyle, and even if he had done so, it would not properly be joined in this action. For this additional reason, Defendant Coyle should be dismissed from this case.

## V.

## RECOMMENDATIONS

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. This action proceed only on Plaintiff's claim against Defendant Preston for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 1, 2017**

UNITED STATES MAGISTRATE JUDGE