# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PRESTON,<br><br>        Defendant. | Case No. 1:16-cv-01617-LJO-SAB (PC)<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER FOR EVIDENTIARY HEARING<br><br>(Doc. Nos. 20, 29, 30) |

**I.    Introduction**

Plaintiff Marcellas Hoffman is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). This case proceeds on Plaintiff's First Amendment claim that Defendant Preston falsely accused Plaintiff of threatening him, and that Defendant Preston offered to pay other inmates to harm Plaintiff and to have him removed from the kitchen, in retaliation for reporting that staff were not paying for meals. This case also proceeds on Plaintiff's claim that Defendant Preston's offer to pay inmates to harm Plaintiff violates the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2017, Defendant Preston filed a motion for summary judgment for the failure to exhaust available administrative remedies. (Doc. No. 20.) On August 8, 2018, the

assigned Magistrate Judge issued findings and recommendations recommending that Defendant's summary judgment motion be granted. (Doc. No. 29.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days. (*Id*. at 16.) On September 10, 2018, Plaintiff timely filed objections. (Doc. No. 30.) On September 24, 2018, Defendant filed a timely response to Plaintiff's objections. (Doc. No. 31.) Local Rule 304(b), (d).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. For the reasons explained below, the Court rejects the findings and recommendations, denies Defendant's motion for summary judgment, and refers the matter back to the assigned Magistrate Judge for an evidentiary hearing.

**II.    Objections**

The assigned Magistrate Judge recommended that this entire action be dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies. (Doc. No. 29.) The material facts at issue in the summary judgment motion involve Administrative Remedy 857733, and three other unnumbered Administrative Remedy forms (BP-8, BP-9, and BP-10).

**A.    Administrative Remedy 857733**

First, it is undisputed that Administrative Remedy 857733 challenged a finding that Plaintiff had been guilty of insolence toward Defendant. (Vickers Decl., Doc. No. 20-3, ¶ 7 & Ex. 3, ECF No. 20-6.) That disciplinary finding arose out of an incident report that Defendant submitted against Plaintiff on February 26, 2016, asserting that Plaintiff had threatened him with bodily harm and was insolent with staff. (2/26/16 Discipline Hearing Officer Report, Doc. No. 20-6, at 7-8.) The report stated, in part, that Plaintiff swore at Defendant and said to Defendant, "[S]top messing with me or I'll whoop your ass." (*Id*. at 8.)

That disciplinary report forms the basis of part of Plaintiff's First Amendment retaliation claim in this suit. Plaintiff alleged in his complaint that Defendant "retaliated against Plaintiff and filed a false incident report claiming that Plaintiff had threatened him by stating, 'I'll whoop your ass.'" (Compl., Doc. No. 1, at 5.) Plaintiff alleges that Defendant filed the false report in retaliation for Plaintiff "snitching" that certain officers were not paying for their meals. (*Id*.)

Plaintiff was not found guilty of the threatening charge, but was found guilty of the insolence to staff charge. Plaintiff appealed that guilty finding under Administrative Remedy 857733, and included in his reason for the appeal, in pertinent part, the following statements:

> On 2/26/16 Officer Preston came into the staff dining hall and provoked Hoffman to use insolence towards him by first using insolence towards Hoffman. Officer Preston stated to Officer DaCarie, "watch yourself DaCarie, inmates in here snitching." Hoffman told Officer Preston that "if your are talking about me, that is not true, I'm not snitching on no one." Officer Preston outburst and stated, "I heard about you Hoffman, fuck you, you ain't nobody." Hoffman stated back to officer Preston, "fuck you, you ain't nobody, and I am somebody to myself."
>
> ….
>
> Officer Preston also claimed that Hoffman had threatened him [during the 2/26/16 incident] by saying, "I'll whoop your ass" but this was proven to be false because Hoffman never said such a thing and Officer DaCarie was honest enough to tell the truth that Hoffman never made such a statement towards Officer Preston. Hoffman respectfully request that this 312 insolence towards staff be expunged from his file, Hoffman has been incident report free for 18 months until he was provoked to use insolence towards a staff member. For these reasons Hoffman respectfully request that his requested appeal be granted. Thank you!

(3/15/16 BP-10 Administrative Remedy 857733-R1, Doc. No. 20-6, at 6.) The Regional Director's April 8, 2016 response indicates that Plaintiff's assertions of staff misconduct are taken seriously and thoroughly reviewed. (April 8, 2016 Resp., Doc. No. 20-6, at 4.) Thus, this grievance alerted prison officials to Plaintiff's allegations that Defendant made a retaliatory false report of threats. Plaintiff appealed this grievance to the highest level, where it was finally denied on May 1, 2017, thus fully exhausting the appeal. (Vickers Decl. ¶ 7.)

The Magistrate Judge found that this Administrative Remedy did not discuss Plaintiff's allegations that Defendant also retaliated against Plaintiff by offering to pay other inmates to harm Plaintiff and have him removed from the kitchen. (Doc. No. 29, at 11.) Further, even had this appeal contained all relevant allegations, this suit was filed on October 27, 2016, before Plaintiff received the May 1, 2017 denial. Therefore, Plaintiff had not fully exhausted Administrative Remedy 857733 prior to filing suit, as required by the PLRA. (*Id*. at 11-12 (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Jones v. Bock*, 549 U.S. 199, 224 (2007); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)).)

The Court accepts the Magistrate Judge's finding that Administrative Remedy 857733 did not notify prison officials of his allegations that Defendant offered to pay other inmates to harm Plaintiff and have him removed from the kitchen. Further, the Court accepts the Magistrate Judge's findings regarding the timing of the initiation of this suit and the denial of Administrative Remedy 857733. Nevertheless, Plaintiff objects that because prison officials failed to respond to his appeal in a timely manner, no administrative remedies were available, and he could file suit on his false-report retaliation allegations without waiting for the response.

In some circumstances, prison officials' failure to respond to a grievance may demonstrate that no administrative remedy is available, and hence may excuse a failure to exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813 822 (9th Cir. 2010) (citing *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2004)); *see also Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (delay in response to grievance, particularly a time-sensitive grievance, may show unavailability of administrative remedy). Here, Bureau of Prison ("BOP") regulations provide that, if "the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In this case, Plaintiff waited for a response from the Office of the General Counsel, which had 40 calendar days to respond. *Id*. Further, officials could seek an additional 20-day extension of that deadline by notifying an inmate in writing if the original period was insufficient to make an appropriate decision. *Id*. Plaintiff submitted a letter showing that officials required the extension, and thus the response was due, on extension, by September 3, 2016. (Aug. 4, 2016 Administrative Remedy Coordinator Ltr., Doc. No. 16, at 53.)

Plaintiff was permitted to treat the absence of a response as a denial of his appeal once the September 3, 2016 deadline passed. The undisputed facts are that Plaintiff still had received no response at that time, and therefore he was permitted to initiate suit after that date regarding his allegations that Defendant retaliated against him by falsely accusing Plaintiff of threatening him in retaliation, in violation of the First Amendment. Therefore, the Court finds that Plaintiff did not fail to exhaust his administrative remedies on that claim prior to filing suit. Defendant's motion for summary judgment is denied with respect to that claim.

1     **B.**     **Unnumbered Administrative Remedy Forms (BP-8, BP-9, and BP-10)**

The above Administrative Remedy does not address Plaintiff's allegations that Defendant offered to pay other inmates to harm Plaintiff and to have him removed from the kitchen. Plaintiff asserts in his objections that he attempted to raise this issue at his DHO hearing, but was informed that he could only appeal the findings by the DHO, and would instead be required to file a separate grievance on those issues. (Pl.'s Obj. 7.) The assigned Magistrate Judge found that Plaintiff submitted evidence of three unnumbered Administrative Remedy forms discussing those allegations, consisting of a BP-8 informal resolution form dated March 16, 2016, a BP-9 dated March 17, 2016, and a BP-10 dated March 17, 2017. (Doc. No. 16, at 43, 47, 48.)

In the BP-8, Plaintiff states that "officer Preston are trying to pay other inmates to harm me and have me removed from the kitchen by calling me a 'snitch' in front of other inmates and staff and mad at me for writing a food service proposal." (*Id.*) The BP-9 and 10 state a nearly identical complaint. (*Id.*)

Defendants presented evidence that the BOP's records do not reflect receipt and processing of these forms. The Magistrate Judge found that Plaintiff did not submit any contradictory evidence that these grievances were submitted to prison officials. Therefore, Plaintiff did not create any genuine dispute of material fact that he exhausted these grievances, or that administrative remedies were effectively unavailable. (Doc. No. 29, at 12-15.)

Plaintiff objects that he did provide evidence that he submitted these grievances to Case Manager M. Padgett for filing, and that the Magistrate Judge misunderstood his evidence. In support, Plaintiff cites his declaration dated August 28, 2017, in which he states the following:

> Plaintiff than filed a BP-9 complaining that he wasn't satisfied with his BP-8 see attached exhibit, even though Plaintiff was also appealing his Disciplinary Hearing Report with a BP-10 see attached as exhibit. Plaintiff also filed his BP-11. The clerk at the Central Office claimed that Plaintiff (BP-9) (BP-10) and (BP11) forms were "photocopies." See attached as exhibit Plaintiff indeed did file all his original copies of the forms of his complaint against Defendant Preston in its proper forms when he was provided with the forms by his Case Manager Padgett alone with an Memorandum showing that Plaintiff were provided with late responses to his administrative remedies filings.

(Pl.'s 8/28/17 Decl., Doc. No. 16, at 33 ¶ 4.) Plaintiff clarifies in his objections that this affidavit

5

was meant to show that he submitted the unnumbered forms to Case Manager Padgett for filing, but the forms were not responded to or processed. He further argues that this evidence was presented to contradict Defendant's evidence, thereby raising a material dispute of fact.

"Under § 1997e(a), the exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, — U.S. —, 136 S. Ct. 1850, 1858, 195 L. Ed. 2d 117 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). When a prison official or administrator thwarts an inmate from taking advantage of a grievance process, such as through machination, misrepresentation, or intimidation, and prevents their use of otherwise proper procedures, this renders the administrative process unavailable. *Id*. (citing *Davis v. Hernandez*, 798 F.3d 290, 295 (5th Cir. 2015); *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011); *Goebert v. Lee County*, 510 F.3d 1312, 1323) (11th Cir. 2007). When prison officials improperly fail to process an inmate's timely filed grievance, administrative remedies are rendered effectively unavailable. *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017).

Here, Plaintiff submits evidence that he attempted to exhaust his remedies by submitting grievances to Case Manager Padgett for filing, but they were not responded to or processed. This is sufficient to create a genuine dispute of material fact as to whether administrative remedies were unavailable under the circumstances.

Defendant argues that even if Plaintiff submitted these forms, they only relate to the first three levels of the administrative process, and show nothing about exhaustion at the fourth, final level required for complete exhaustion. The Defendant also argues that it appears that Plaintiff falsified or created the forms after he filed suit. (Def.'s Resp. to Obj., Doc. No. 31, at 3-4; Def.'s Reply, Doc. No. 25, at 5-6.) In support, Defendant notes that the BP-10 is dated March 17, 2017, a year after Plaintiff asserts that the form was submitted, and that there are inconsistencies regarding Plaintiff's housing as indicated on the form. (Def.s Reply at 5-6.)

In his objection, Plaintiff submits that the BP-10 form was mistakenly dated as March 17, 2017, instead of 2016. Defendant argues that the Court should reject Plaintiff's explanation.

1 Defendant also argues that even if Plaintiff's explanation is true, it shows that he improperly
2 submitted his BP-10 form without waiting for a response regarding his BP-9, and therefore did
3 not follow the proper exhaustion procedures.

4 These disputed facts and the alleged inconsistencies in Plaintiff's evidence are matters of
5 credibility which cannot be decided on summary judgment, and must be determined by a finder
6 of fact in an evidentiary hearing. *See Williams v. Gore*, No. 15-cv-654, 2017 WL 1354695 at *7
7 (S.D. Cal. 2017) (citing *Coleman v. Brown*, 938 F. Supp. 2d 955, 961–62 (E.D. Cal. 2013)) (an
8 evidentiary hearing is normally required to resolve credibility determinations). If the facts show
9 that prison officials improperly failed to process Plaintiff's timely submitted grievance form, his
10 failure to properly and fully grieved at every additional level is immaterial. A prisoner is
11 deemed to have exhausted available administrative remedies once a prison official fails to
12 properly process his grievance, and is not required to continue attempts to exhaust those
13 remedies. *See Andres*, 867 F.3d at 1078-79; *see also Almy v. Davis*, 726 Fed. Appx. 553, 556-57
14 (9th Cir. 2018.)

15 Accordingly, there are genuine disputes of material fact regarding whether administrative
16 remedies were effectively unavailable when Plaintiff sought to grieve his allegations that
17 Defendant Preston offered to pay other inmates to harm him and to have him removed from the
18 kitchen. Therefore, Defendant's motion for summary judgment shall be denied, without
19 prejudice, regarding those claims.

20 Defendant is entitled to an evidentiary hearing to resolve these disputed issues of fact.
21 *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). The Court will therefore remand this
22 matter to the assigned Magistrate Judge to set and conduct an evidentiary hearing on that issue.

### III. Conclusion

24 For these reasons, IT IS HEREBY ORDERED that:

25 1. The Findings and Recommendations issued on August 8, 2018, (Doc. No. 29), are
26 adopted in part and rejected in part, as explained above;

27 2. Defendant's motion for summary judgment for the failure to exhaust available
28 administrative remedies (Doc. No. 20), is denied as described above; and,

3. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 26, 2018**            **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE