McGREGOR W. SCOTT
United States Attorney
PHILIP A. SCARBOROUGH (SBN 254934)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN<br><br>     Plaintiff,<br><br>  v.<br><br>TIMOTHY PRESTON,<br><br>     Defendant. | CASE NO. 1:16-CV-01617-LJO-SAB (PC)<br><br>REQUEST FOR SCHEDULE AND [PROPOSED] ORDER<br><br>JUDGE:  Hon. Stanley A. Boone |

Defendant Timothy Preston respectfully submits this request to set a schedule in light of the Court's order dated September 26, 2018. ECF 33.

**BACKGROUND**

Plaintiff Marcellas Hoffman is a federal prisoner proceeding *pro se*. He is currently incarcerated at a federal prison in Virginia, although at the time of the events alleged in the complaint he was incarcerated at the federal prison in Atwater, California. Defendant Preston is a correctional officer at the Atwater federal prison. Hoffman asserts two claims against Preston pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The first claim proceeds on a First Amendment theory that Preston falsely accused Hoffman of threatening him and that Preston offered to pay other inmates to harm Hoffman and have him removed from the prison kitchen staff in retaliation for reporting that staff were not paying for their meals. *See* ECF 33 at 1. The second claim proceeds on the theory that Preston's alleged offer to pay inmates to harm Hoffman violated the Eighth Amendment. *Id.*

On October 23, 2017, Preston filed a motion for summary judgment based on Hoffman's failure to exhaust administrative remedies. ECF 20. On August 8, 2018, the Court issued findings and recommendations that the motion for summary judgment be granted. ECF 29. On September 10, 2018, Hoffman filed timely objections, ECF 30, to which Preston responded. ECF 31. On September 26, 2018, the district judge denied the motion for summary judgment in part and referred the matter to the Magistrate Judge for an evidentiary hearing to resolve certain disputed issues of material fact relating to exhaustion. ECF 33 at 2.

Specifically, the district judge concluded that Hoffman had exhausted available administrative remedies with respect to his allegation that Preston had made a retaliatory false report about Hoffman in violation of the First Amendment. ECF 33 at 3-4. The district judge therefore denied the exhaustion motion with respect to that claim. The district judge also found that disputes of material fact existed concerning whether Hoffman had exhausted remedies with respect to the allegation that Preston offered to pay other inmates to harm Hoffman. *Id.* at 5-7. The district judge then referred the matter to this Court for an evidentiary hearing on that issue.

## ARGUMENT

In light of the Court's ruling on the motion for summary judgment, Preston respectfully requests that the Court enter an order setting a schedule. The Court's ruling makes it necessary for Preston at some point to file a motion to dismiss one or more of the causes of action on legal grounds unrelated to the question of exhaustion. Given the logistical difficulties associated with transporting Hoffman to California to participate in an evidentiary hearing, Preston respectfully suggests that the most efficient procedure will be to resolve the anticipated motion to dismiss prior to conducting the evidentiary hearing on the exhaustion issue. After the motion to dismiss is decided, the Court can then schedule the evidentiary hearing required by the Court's September 26 order. *See* ECF 33.[1]

Good cause exists to structure the proceedings in this manner. Preston has timely asserted the administrative exhaustion issue and placed the Court and Hoffman on notice of it. The Court has already found that disputes of material fact exist with respect to whether Hoffman exhausted remedies

---

[1] The undersigned has been unable to ascertain Plaintiff's position on the relief requested herein due to the logistical difficulties of communicating with an incarcerated *pro se* litigant.

REQUEST FOR SCHEDULE AND [PROPOSED] ORDER       2

for certain of his claims.  Nothing prohibits the Court from setting a schedule that promotes efficiency, including conducting the required evidentiary hearing after the anticipated motion to dismiss is resolved. If the motion to dismiss is successful in whole or in part, it will further define which claims are actually at issue in this litigation.  That, in turn, will inform the analysis about whether Hoffman in fact exhausted his remedies with respect to any surviving claims.  It may eliminate the need for an evidentiary hearing entirely, which would also eliminate the need to transport Hoffman to California from Virginia to participate in the hearing.  The proposed approach, therefore, potentially results in savings of the parties' and the Court's resources.

      Accordingly, Preston requests that the Court enter an order setting the following schedule.

      Preston shall file his motion to dismiss by November 9, 2018.

      Hoffman shall file his opposition to that motion by November 30, 2018.

      Preston shall file his reply in support no later than seven days after Hoffman's opposition has been filed on the Court's CM/ECF system.

      After the motion to dismiss is resolved, the Court will issue a further order to set additional procedures concerning the evidentiary hearing on the question of administrative exhaustion.

Respectfully submitted,

Dated: October 10, 2018

McGREGOR W. SCOTT
United States Attorney

By: */s/ Philip A. Scarborough*
PHILIP A. SCARBOROUGH
Assistant United States Attorney

//
//
//
//
//
//
//

## [PROPOSED] ORDER

Good cause appearing, the request for a schedule is GRANTED as follows:

Defendant Preston shall file his motion to dismiss by November 9, 2018.

Plaintiff Hoffman shall file any opposition to the motion to dismiss by November 30, 2018.

Defendant Preston shall file his reply in support of his motion to dismiss, if any, no later than seven days after Hoffman's opposition is filed on the Court's CM/ECF system.

The Court will issue further orders to set additional procedures concerning the evidentiary hearing required by the Court's order dated September 26, 2018 (ECF 33) after the motion to dismiss is resolved.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

*Hoffman v. Preston*
1:16-cv-1617 SAB [PC]

## **CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on October 10, 2019, she served a copy of:

REQUEST FOR SCHEDULE AND [PROPOSED] ORDER

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Sacramento, California.

**Addressee(s):**

Marcellas Hoffman
40369-050
USP Lee
P.O. Box 305
Jonesville, VA  24263

         */s/ Kimberly Siegfried*
         KIMBERLY SIEGFRIED