# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRESTON,<br><br>　　　　Defendant. | Case No. 1:16-cv-01617-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR BRIEFING SCHEDULE<br><br>(Doc. No. 34) |

**I.**

**INTRODUCTION**

Plaintiff Marcellas Hoffman is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2017, Defendant Preston filed a pre-answer motion for summary judgment for the failure to exhaust available administrative remedies. (ECF No. 20.) On September 26, 2018, the District Judge adopted in part and rejected in part findings and recommendations to grant that motion, based on disputed facts. (ECF No. 33.) The matter was referred to the undersigned to conduct an evidentiary hearing on whether administrative remedies were effectively unavailable when Plaintiff sought to grieve certain allegations. (Id. at 7.)

On October 10, 2018, Defendant filed the instant motion requesting a briefing schedule. (ECF No. 34.) Defendant filed an opposition to the motion on October 22, 2018. (ECF No. 35.) The time to file any reply has passed, and the motion is deemed submitted. Local Rule 230(l).

1

## II.

## DISCUSSION

Defendant requests that the Court set a scheduling order to brief a motion to dismiss on legal grounds unrelated to the question of exhausting. Defendant argues that the motion is now necessary based on the Court's ruling on Defendant's summary judgment motion, discussed above. Defendant argues that allowing the motion before the Court conducts the evidentiary hearing on the exhaustion issue will promote judicial efficiency. Specifically, Defendant argues that the motion may resolve one or more claims at issue in whole or in part, possibly eliminating the need for any evidentiary hearing. At a minimum, the motion should better define the claims to be litigated and will inform the record. Defendant also cites logistical difficulties for conducting the hearing due to Plaintiff's current housing at USP-Lee in Jonesville, Virginia, which may be eliminated or minimized by the dispositive motion, saving resources.

Plaintiff opposes the motion, arguing that ruling on a motion to dismiss before conducting the evidentiary hearing is improper. Plaintiff asserts that transferring him from Jonesville, Virginia to Fresno, California, for a hearing will not present significant difficulties.

The Court finds good cause to grant Defendant's request. Fed. R. Civ. P. 16(b)(4). Defendant sought leave to file a pre-answer motion for summary judgment on the failure to exhaust administrative remedies based on the Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014). The Ninth Circuit held in that case that matters of exhaustion of administrative remedies "are appropriately decided early in the proceeding." Id. at 1170. A district court has the discretion to determine the discovery and procedures needed to resolve such a motion, and may leave matters directed to the merits of the suit to be decided later. Id. A summary judgment motion may be directed solely at issues of exhaustion or at other matters. Id.

Here, the Court exercised its discretion to allow Defendant to file a pre-answer motion for summary judgment regarding exhaustion of administrative remedies to promote judicial efficiency, as the motion could have disposed of all claims in the matter. Now, that motion being ruled upon and there being disputed issues of fact precluding summary judgment, additional

issues have arisen.  It serves judicial economy to allow Defendants to raise a motion to dismiss on legal grounds that may resolve a claim or claims in this matter, and that will either obviate the need for any exhaustion-related hearing or provide a better record for such a hearing.  Defendant has diligently moved this matter forward, and Plaintiff will not be prejudiced by delaying the evidentiary hearing for a short briefing period.  Further, it would be a waste of the resources of the Court and the parties to conduct a potentially unnecessary hearing, or a hearing that could be better streamlined by Defendant's dispositive motion.

## III.
## CONCLUSION

For the reasons explained, it is HEREBY ORDERED that:

1. Defendant's motion requesting a briefing schedule, filed on October 10, 2018 (ECF No. 34) is granted;

2. Defendant shall file the motion to dismiss within thirty (30) days of this order;

3. Plaintiff shall file an opposition within twenty-one (21) days of the date of service of Defendant's motion to dismiss, and Defendant may file a reply to the opposition, if any, within seven (7) days of the date of service of the opposition.  Local Rule 230(l); and

4. The Court will schedule an evidentiary hearing if Defendant fails to timely file a motion to dismiss as ordered above, or after a ruling on Defendant's motion to dismiss, if necessary.

IT IS SO ORDERED.

Dated: __**November 5, 2018**__

UNITED STATES MAGISTRATE JUDGE

3