# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY PRESTON,<br><br>    Defendant. | Case No. 1:16-cv-01617-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT<br><br>(ECF Nos. 37, 38)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION AND BACKGROUND**

Plaintiff Marcellas Hoffman is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently before the Court is Defendant Timothy Preston's ("Defendant" or "Preston") motion to dismiss Plaintiff's complaint, filed on November 8, 2018. (ECF Nos. 37.) Additionally, before the Court is Plaintiff's proposed amended complaint, which Plaintiff attached to his opposition to Defendant's motion to dismiss. (ECF No. 38 at 25.)[1]

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

**A. Procedural History**

Plaintiff filed this action on October 27, 2016. (ECF No. 1.) On May 9, 2017, the Court screened Plaintiff's complaint and ordered that Plaintiff could either file an amended complaint curing the deficiencies identified or could notify the Court that Plaintiff does not wish to file an amended complaint and instead wishes to proceed only against Defendant for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. (ECF No. 8.) On May 22, 2017, Plaintiff filed a notice with the Court stating that he would only proceed against Defendant Preston for his claims of retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment, and on May 23, 2017, the undersigned issued an order directing that the action shall proceed on these claims only. (ECF No. 9, 10.)

On November 9, 2017, the Ninth Circuit ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). In light of the Ninth Circuit's decision, on December 4, 2017, the undersigned issued a findings and recommendations recognizing that the Court did not previously have jurisdiction to dismiss the claims in its May 23, 2017 order (ECF No. 10), and recommended to the District Judge that the case continue to proceed only on Plaintiff's claims of retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment. (ECF No. 26.) On January 11, 2018, the district judge adopted the findings and recommendations dismissing all claims except for the First Amendment and Eighth Amendment claims against Defendant Preston. (ECF No. 27.)

Prior to the re-screening, on October 23, 2017, Defendant Preston had filed a pre-answer motion for summary judgment for the failure to exhaust available administrative remedies. (ECF No. 20.) On September 26, 2018, the district judge adopted in part and declined to adopt in part findings and recommendations to grant the motion for summary judgment, based on disputed facts. (ECF No. 33.) The matter was referred to the undersigned to conduct an evidentiary hearing on whether administrative remedies were effectively unavailable when Plaintiff sought

to grieve certain allegations. (Id. at 7.)

On October 10, 2018, Defendant filed a motion requesting a briefing schedule to allow the filing of a motion to dismiss prior to the Court conducting an evidentiary hearing. (ECF No. 34.) On November 6, 2018, the Court granted Defendant's request, and set a briefing schedule for a motion to dismiss. (ECF No. 36.) On November 8, 2018, Defendant filed the instant motion to dismiss. (ECF No. 37.) On November 26, 2018, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 38.) Defendant filed a reply to Plaintiff's opposition on December 4, 2018. (ECF No. 39.) On the caption page of his opposition to the motion to dismiss, Plaintiff states that he gives notice of an attached amended complaint with attached declaration of Emmanuel Ward, and that he is filing his amended complaint pursuant to Rule 15(a) and Rule 15(c) of the Federal Rules of Civil Procedure. (ECF No. 38 at 1, 25.)

## II.

## DISCUSSION

In his opposition to Defendant's motion to dismiss, Plaintiff requests that the Court deny Defendant's motion to dismiss and allow Plaintiff to file his amended complaint. (ECF No. 38 at 22, 25.) On the caption page of the opposition, Plaintiff puts forth notice of an amended complaint pursuant to Rule 15(a), (ECF No. 38 at 1), and on the caption page of the amended complaint, Plaintiff titles the document amended complaint as a matter of course under Rule 15(a)(2) (ECF No. 38 at 25).[2] Defendant responds that Federal Rule of Civil Procedure 15(a)(1) does not apply here because Defendant has already filed a motion for summary judgment on exhaustion issues raised by the complaint, and Plaintiff has already been given an opportunity to amend his complaint and declined to do so. Defendant also argues the amendment would be futile.

### A. Plaintiff's Amended Complaint is Proper Under Rule 15(a)(1)(B)

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading, or 21 days after service

---

[2] The Court notes that amending as a matter of course is allowed under Rule 15(a)(1), and amending with consent or leave of court is allowed under Rule 15(a)(2), so it is somewhat unclear which provision Plaintiff is attempting to file the amended complaint pursuant to. See Fed. R. Civ. P. 15(a).

3

of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Under the plain reading of the rule, if a summary judgment motion is not a responsive pleading, Plaintiff should be allowed to amend as a matter of course, as he filed his amended complaint within 21 days after Defendant filed the Rule 12(b) motion to dismiss, and no responsive pleadings have been filed.

Before being amended, Rule 15 only provided that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council, AFL-CIO, 721 F.Supp. 239, 242 (N.D. Cal. 1989) (quoting Fed. R. Civ. P. (15(a)), however Rule 15 was amended to add language that an amendment as a matter of course must be filed within 21 days after service of a responsive pleading or a motion to dismiss pursuant to Rule 12(b), (e), or (f). In opinions issued prior to Rule 15 being amended, it seems clear in the Ninth Circuit that a motion to dismiss was not a responsive pleading for purposes of Rule 15. See, e.g., Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir.2000) ("[a] motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15.") (citing Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir.2000)); Miles v. Department of Army, 881 F.2d 777, 781 (9th Cir.1989) ("[A] motion to dismiss the complaint is not a responsive pleading."); Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir.1971) (per curiam) ("motion to dismiss is not a 'responsive pleading' within the meaning of [Rule 15(a).").

Like a motion to dismiss, prior to Rule 15 being amended, courts in the Ninth Circuit and others appeared to agree that a motion for summary judgment is not a responsive pleading for purposes of Rule 15. See, e.g., Kirk v. United States, 232 F.2d 763, 770 & n.11 (9th Cir.1956) (noting a Sixth Circuit opinion holding summary judgment is not a responsive pleading for purposes of Rule 15(a) appeared to be the correct interpretation, as confirmed in Moore's Federal Practice); USS–POSCO Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL–CIO, 721 F.Supp. 239, 242 (N.D.Cal.1989) ("neither motions to dismiss or motions for summary judgment are responsive pleadings for purposes of Rule 15"); Blanco v. Am. Home Mortg. Serv. Incorporation, No. CIV 09-578 WBSDAD, 2009 WL 2171071, at *1 (E.D. Cal. July 20, 2009)

(holding plaintiffs were permitted to file an amended complaint because neither a motion to dismiss nor a motion for summary judgment is a responsive pleading for purposes of Rule 15); McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a).")

If the drafters who amended Rule 15 intended to include a motion for summary judgment pursuant to Rule 56 as one of the triggering events for purposes of Rule 15(a), they easily could have, and the absence of such language, particularly in the face of the fact that motions to dismiss under Rule 12 were explicitly added when Rule 15 was amended, counsels against reading a meaning into Rule 15(a) that includes a motion for summary judgment as a trigger for the 21 day period to amend as a matter of course. Courts have recently made decisions in line with the conclusion stemming from this reasoning. See, e.g., Link v. Springut, No. LACV1405695JAKJEMX, 2015 WL 12426122, at *2 (C.D. Cal. Feb. 26, 2015) ("Neither a motion to dismiss nor a motion for summary judgment is a responsive pleading for the purposes of Rule 15."); Plunkett v. Dep't of Justice, No. CIV.A. 11-341 RWR, 2011 WL 6396632, at *2 (D.D.C. Dec. 20, 2011) ("Defendant has only filed a motion for summary judgment; it has not yet filed an answer and or a motion under Rule 12(b), (e), or (f). Plaintiff may therefore amend his complaint once as a matter of course."); Downing v. Gentry, No. 216CV02632RFBPAL, 2018 WL 5266843, at *2 (D. Nev. Oct. 23, 2018) ("defendants have not filed a responsive pleading but they have filed a Motion for Summary Judgment"); Quezada v. Long, No. EDCV1500613VBFKS, 2016 WL 4063013, at *2 (C.D. Cal. July 6, 2016) ("Cases uniformly hold that a responsive pleading is solely one of the pleadings mentioned in Rule 7(a) – such as an answer – other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice under Rule 15(a).") (quoting Aslani v. Sparrow Health Systems, 2009 WL 736654, *2 n.5 (W.D. Mich. Mar. 12, 2009)) (internal quotations and citations omitted); Fraser v. Rodriguez-Espinoza, No. 14 CV 1046, 2014 WL 4783095, at *3 (N.D. Ill. Sept. 24, 2014) ("A motion for summary judgment is not a 'responsive pleading.'").

For these reasons, the Court does not consider the previously filed motion for summary judgment (ECF No. 20), to be a responsive pleading for purposes of Rule 15, and therefore

Plaintiff's amended complaint should be accepted as an amendment as a matter of course filed within 21 days after service of Defendant's motion to dismiss (ECF No. 37).

**B.    Plaintiff's Request for Leave to Amend is Also Proper Under Rule 15(a)(2)**

Further, even if the motion for summary judgment filed in this matter is a responsive pleading for purposes of Rule 15(a)(1)(B), the Court would construe Plaintiff's request and attached complaint as a motion for leave to file an amended complaint pursuant to Rule 15(a)(2), and would nonetheless grant leave for Plaintiff to file the amended complaint. See Gomez v. Cty. of Los Angeles, No. CV0902457MMMCWX, 2009 WL 10699661, at *2 (C.D. Cal. Dec. 2, 2009) (construing a request for leave to amend contained within an opposition to a motion to dismiss as a motion to amend); M.J. v. Clovis Unified School Dist., No. 1:05-CV-00927, 2007 WL 1033444, *4 (E.D. Cal. April 3, 2007) ("[I]t is appropriate to construe Plaintiff's opposition to this second motion to dismiss as a motion for leave to amend his complaint."). The Court is particularly inclined to construe Plaintiff's filing in this manner given that the Court is required to construe the filings of a *pro se* party liberally, Hughes v. Rowe, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.' ") (citation omitted); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We construe liberally the filings and motions of a *pro se* inmate in a civil suit."), and especially given this is a *pro se* inmate, and an "inmate's choice of self-representation is less than voluntary . . . [and] coupled with the further obstacles placed in a prisoner's path by his incarceration," *pro se* inmates are given greater leeway than non-incarcerated *pro se* litigants, Thomas, 611 F.3d at 1150 (quoting Jacobsen v. Filler, 790 F.2d 1362, 1365 n.4 (9th Cir.1986)).

Construed as a motion for leave to amend, the Court would grant Plaintiff's leave to amend under Federal Rule 15(a)(2). Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Owens v. Kaiser Found.

Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Defendant does not contend that Plaintiff's proffered amended complaint was brought in bad faith, would cause undue delay, or that it would cause any prejudice to the Defendant, and the Court does not find evidence of the presence of any of these factors. (See ECF No. 39.) Although Defendant makes plausible arguments that the proposed amendment could be futile, it is not absolutely clear at this juncture whether the proposed amendment is futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Therefore, for these reasons, even if Plaintiff was not allowed to amend his complaint as a matter of course under Rule 15(a)(1)(B), the Court would grant Plaintiff leave to file the amended complaint under Rule 15(a)(2). As Defendant identified no prejudice that he will suffer if the amendment is allowed, and the futility of an amendment is not clear, the balance of the factors weigh in favor of permitting Plaintiff to file the proposed amended complaint, and such outcome is consistent with the liberal policy favoring amendment under Rule 15. The Court recommends that Plaintiff's request for leave to file an amended complaint be granted.

///

///

# III.

# CONCLUSION AND RECOMMENDATION

For the reasons stated, the Court grants Plaintiff request to file his amended complaint.[3] Because that complaint will supersede the prior pleadings, <u>Bullen v. De Bretteville</u>, 239 F.2d 824, 833 (9th Cir. 1956), Defendant's motion to dismiss should be denied as moot. See <u>Gomez v. Cty. of Los Angeles</u>, No. CV0902457MMMCWX, 2009 WL 10699661, at *2 (C.D. Cal. Dec. 2, 2009); <u>Blanco v. Am. Home Mortg. Serv. Incorporation</u>, No. CIV 09-578 WBSDAD, 2009 WL 2171071, at *2 (E.D. Cal. July 20, 2009); <u>Harrison v. Downey Savings and Loan Ass'n, F.A.</u>, No. 09-CV-1391, 2009 WL 2524526, *1 (S.D. Cal. Aug. 14, 2009).

Based upon the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to file an amended complaint be GRANTED; and

2. Defendant's motion to dismiss, filed November 8, 2018 (ECF No. 37), be DENIED as MOOT.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28

///
///
///
///
///

---

[3] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,', so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome." <u>Bastidas v. Chappell</u>, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting <u>Bullard v. Blue Hills Bank</u>, 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order. Local Rule 303.

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 15, 2019**

_____
UNITED STATES MAGISTRATE JUDGE