

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARCELLAS HOFFMAN, : Case No. 1:16-cv-01617-SAB PC)
    Plaintiff :
                              : jury trial demaned

v. :
                              :
PRESTON, :
    Defendant, :

                            AMENDED COMPLAINT "AS A MATTER OF COURSE" Under Rule 15 a) 2), 15 c) Fed.R. Civ. P.

COMES NOW PLAINTIFF- Marcellas Hoffman and submits the follwing amended Compliant and Declaration in support of Complaint and incorporated by reference therein. Also see Civil Rule 15 a) 2), 15 c) 1) b).

I. JURISDICTION

1. This action is brought pursuant to <u>Bivens v. Six Unknown named Agents of Federal Bureau of narcotics</u>, 403 U.S. 388, 1971). which provides a remedy for violation of civil rights by federal actors.

II. PARTIES

2. Plaintiff, Marcellas Hoffman, #40369-050 is a federal prisoner and is currently housed at Unbited States Penitentiary Lee in Pennington Gap, Virginia. The incident alleged in this complaint occurred while plaintiff was housed at the United States Penitentiary Atwater in California.

3. Defendant Preston, is a Correctional Officer of United States Penitentiary Atwater and at all times relevant hereto operated under the color of federal law. he is being sued in his individual capacities.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff sought to exhaust his administrative remedies as required by prison policy but all administrative remedies were unavailable to Plaintiff. On October 23,2017, Defendat Preston filed a pre-answer motion for summary judgment for the failure to exhaust available administrative remedies. ECF No.20).

5. On September 26,2018, the District Judge adopted in part and rejected in part findings and recommendations to grant that motion, based on disputed facts. ECF No.33). The matter was referred to this court to conduct an evidentiary hearing on whether administrativ remedies were effectively unavailable when Plaintiff sought to grieve certain allegations. Id. at 7).

6. However, On October 10,2018, Defendant Preston filed a motion requesting a briefing schedual. ECF No. 34. Plaintiff filed an opposition to the motion on October 22,2018.ECF No.35). The evidentiary hearing has been delayed. This Amended Complaint follows.

## IV. FACTUAL ALLEGATIONS

7.On February 26,2016, Defendant Preston, during a conversation to Officer DeCarie sated in front of other inmates,"inmates are snitching in the staff dining hall and writing officers names down who are not paying for meals." Plaintiff responded to Defendant Preston that " I am not snitching on no one,if you are talking about me." Defendant Preston stated, "Fuck you Hoffman, you ain't nobody in here.I heard about you, you are snitching." Plaintiff stated back to Defendant Preston,"fuck you,you ain't nobody, and I am somebody to myself."

8. Defendant Preston then told Plaintiff that Plaintiff was going to the holding tank and escorted Plaintiff to the holding tank pushed Plaintiff into the holding tank and slamed and locked the holding tank door. While in the holding tank Defendant came to the holding tank glass window and stated to Plaintiff," yeah you threatened me".Plaintiff statdd back to Defendant Preston,"I did not threatened you."

9. A LT walked by the holding the tank and stated to Defendant Preston, " Why you have inmate Hoffman in the holding tank, that is our Cook." Defendant Preston looked at Plaintiff and then back at the LT and stated,"He threatened me". Plaintiff was then escorted to the Special Housing Unit and placed in a cell.

10. Defendant Preston retaliated against Plaintiff and wrote a false incident report against Plaintiff for writing and submitting a Food Service Proposal and claimed Plaintiff stated, "Ill whoop your ass." This false incident report was later proven to be false. Defendant Preston offered to pay other inmates to harm Plaintiff and have Plaintiff removed from the kitchen, for reporting that staff were not paying for meals.

11. As to claims in paragraph 10, Plaintiff was assaulted by another inmate and had a fight as a result of being labelled as a snitch by Defendant Preston for falsely claiming to other inmates and staff that Plaintiff were writing staff names down who were not paying for meals.

12. On May 16,2016 Plaintiff was assaulted in his cell by inmate Emmanuel Ward and was punched in the face head hit the locker and was kicked in the stomach as a result labelling Plaintiff as a snitch infront of other inmate and staff.

13. Plaintiff was given prior approval by the Warden Matevoisain, Food Administrator Madan, and Food Service Assistant Lewis, to prepare and write a Food Service Proposal to help to prevent waste in the Food Service department, and even received a $100.00 bonus on his job for writing the Proposal. Plaintiff was retaliated against by Defendant Preston and Defendant Preston offered to pay other inmates to harm Plaintiff and have Plaintiff removed from the kitchen.

14. Prior to being placed in the Special Housing Unit on February 26,2016 Defendant Preston had been trying to have Plaintiff removed from the kitchen. Even after being release from the Special Housing Unit after the false charges by the Defendant Preston, Defendant Preston offered topay ofther inmates to harm Plaintiff and have Plaintiff removed from the kitchen.

15. Defendant Preston even stated infront of other Staff Members that he wanted Plaintiff removed from the kitchen.

16. On may 16,2016 Defendant Preston stated to AM Cook Supervisor Islam," I'm not letting none of your guys out until they get Hoffman out the kitchen." Cook Supervisor Islam came and informed Plaintiff wwhat Defendant preston had said to him.

16. On this same day May 16,2016 Defendant Preston stated to inmate Tracy Adams," Hoffman is a snitch tell him to find another job, and everything will go back to normal for you'll meaning allowing inmates to remove food items from the kitchen without permission) I want him out of here."

17. Defendant Preston offered to pay inmate Marcus Winstead to harm Plaintiff and have Plaintiff removed from the kitchen.

18. Defendant Preston offered to pay Hassan Hill to harm Plaintiff and have Plaintiff removed from the kitchen.

19. Defendant Preston offered to pay inmate Edgar Jones to harm Plaintiff and have Plaintiff removed from the kitchen.

20. Defendant Preston offered to pay Shanon Williams to harm Plaintiff and have Plaintiff removed from the kitchen.

21. There are others that Defendant Preston offered an reward to harm Plaintiff and have Plaintiff removed from the kitchen.

22. Even though Plaintiff had been transfered from USP Atwater, Plaintiff still have to defend against falsely being labelled as a snitch by Defendant preston to other inmates and Staff, and have received some threats by both inmates and staff, that if they find out I was snitching on staff I will be asssulted.

V. CAUSE OF ACTION

Count 1

Plaintiff was retaliated in violation of the First Amendment the Constitution.

23. Plaintiff incorporates paragraphs 1-22 as though they were stated herein.

24. Defendant Preston violated Plaintiff First Amendment right to Freedom of Speech when Defendant Preston retaliated against Plaintiff for writing a Food Service Proposal and claiming that Plaintiff was writting Staff names down who were not paying for meals.

24. Plaintiff Speech and writing was protected by the First Amendment and Plaintiff was given prior approval by the warden Matevoisain, Food Administrator Madan, and Food Service assistant lewis, to prepare write and submit the Proposal to try and help prevent waste in the Food Service Department, and even receive a $100.00 bonus on his job for writing the proposal. Plaintiff was retaliated against by Defendant Preston and Defendant Preston wanted to chill Plaintiff from writiing and submitting the Proposals. as aresult Defendant offered to pay other inmates to harm Plaintiff.

25. Defendant Preston violated Plaintiff's First Amendment rights when he falsely accused Plaintiff of threating him and for writing a false incident report to have Plaintiff placed in the Special Housing Unit without just cause.

26. Defendant Preston violated Plaintiff's First Amendment rights when he offered to pay other inmates to harm Plaintiff and have Plaintiff removed from the kitchen, in retaliation for reporting staff not paying for meals. The First Amendment protects Freedom of Speech and Plaintiff'materials that he submitted in his writing in the Proposal was protected and his Speech that Staff pay for their meals was protected.

27. Plaintiff got into a fight as a direct result of falsely being labelled as a snitch by Defendant Preston and was assaulted

## Count II

Plaintiff Was Subject To Cruel And Unusual Punishment By An Officer who Encouraged the Attach In violation of The Eighth Amendment To The Constitution.

28. Plaintiff incorporates paragraphs 1-27 as though they were stated fully herein.

29. Defendant Preston violated's Eighth Amendment right to be free from intentional harm caused by the Defendant. Defendant Preston was deliberate in difference when Defendant offered to pay other inmates to harm Plaintiff for writing and submitting a Food Service Proposal and for claiming that Plaintiff were reporting that staff were not paying for meals.

30. Defendant Preston was deliberate indifference to the potential harm that Plaintiff would receive by offering other inmates a reward to harm Plaintiff and Haveve Plaintiff removed from the kitchen. Defendant Preston was supposed to protect Plaintiff from inmates assaults, but he instead encouraged the inmates to harm Plaintiff and offered to pay them to do it.

31. On may 16,2016 Plaintiff was assaulted by inmate Emmanuel Ward #23749-045 when Ward punched Plaintiff in the face and Plaintiff fell back and hit his head on the metal locker and was kicked in the stomach as a direct result of Defendant Preston falsely labelling Plaintiff as a snitch infront of other inmates and Staff. Defendant Preston had a reckless disregard for Plaintiff safety when he offered a reward to other inmates to harm Plaintiff and falsely labelling Plaintiff as a snitch.

32. Defendant Preston was deliberate indifference to Plaintiff's safety and was very well aware of the potential harm that Plaintiff faced as being labelled as a snitch in public before other inmates and Staff at USP Atwater a very high-security level institution would result in Plaintiff being assaulted by another inmate.

33. Defendant Preston know that inmates at USP Atwater constantly being assaulted and stabbed and beat off the prison yard for being a snitch or labelled as one.

34. Plaintiff have witness Defendant Preston himself activate his own body alarm and ordered other inmates to separate from assaulting and attacking inmates for being a snitch or for being labelled as one within the 8 years that Plaintiff was housed at USP Atwater.

35. Defendant Preston are fully ware of the facts regarding Central Inmate Moniting in which the tries in an effort to protect inmates from the dangers associated with being harmed or threats to inmates safety. Despite, knowing these facts, Defendant Preston was deliberate indifference to Plaintiff potential harm by offering other inmates a reward to harm Plaintiff.

36. Defendant Preston was deliberate indifference to Plaintiff safety and was fully aware that almost every week at USP Atwater when a new inmate comes off the bus, that if he is a snitch or labelled as a snitch he is beaten or stabbed and ran off the prison yard as a result. Defendant Preston actions pose a very serious risk of harm to Plaintiff safety and Plaintiff was in fact, harmed as a result of Defendant Preston falsely labelling Plaintiff as a snitch infront of other inmates and Staff. Plaintiff informed other staff about Defendant Preston misconduct, but nothing was done about it. The prison Officials should have at least investigated Plaintiff accounts of Defendant offering topay other inmates to harm Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:
A. declare that the acts and omissions described herein violate Plaintiff's rights under the Constitution and laws of the United States;
B. Order Defendant to pay compensatory and punitive damages in the amount of $100.000;
C. Order Defendant to pay reasonable attorney fees and cost;
Grant other just and equitable relief that this Honorable Court deems necessary.

Respectfully submitted,

*/s/ Marcellas Hoffman*
Marcellas Hoffman #40369-050
USP LEE
P.O.Box 305
Jonesville, VA 24263

Dated:

Pursuant to 28 U.S.C. §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on *November 17th*, 2018

*/s/ Marcellas Hoffman*
Marcellas Hoffman