UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

MARCELLAS HOFFMAN,  )   Case No. 1:16-cv-01617-LJO-SAB) PC

    Plaintiff,

v.

PRESTTON,

    Defendant,

    )

Plaintiff Pro Se Objections To

Magistrates Report and Recommendation

FILED
DEC 02 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Comes now Marcellas Hoffman, the Plaintiff pro se is the above styled action and would submit the following objections to the Maistrate's Report and Recommendation ("Report") issued by the Migisatra e s Judge Stnadley A. Boone on October 11 2019. Plaintiff filed these Objections pursuant to 28 U.S.C §636(b)(1)(c) and would request _de novo_ review by the District Court as to each portion of the Report specifically objected to herein. Rule 8

### Hoffman's Objection to Report

1. Hoffman object to the Migistrate Judge finding that "Plaintiff's apparent argument that the Supreme Court implied a _Bivens_ damages remedy for an Eighth Amendment failure to protect claim in _Farmer_ is unavailing because the Supreme Court in _Ziglar_ clearly stated that _Bivens, Davis, and Carlson_ .. represent the only instances which the Court has approved of an implied damages remedy under the Constitution i'self." _Ziglar,_ 137 S Ct at 1855(italics added) Therefore, the Supreme Court has approved of only one _Bivens_ damages remedy under the Eighth Amendment specifically for failure to provide medical care _Carlson_ 446 U.S. at 16n1, 18 23. In this case Plaintiff's Eighth Amendment claims differs meaningfully from the Eighth Amendment claim in _Carlson_ because Plaintiff's claim arises out of allegations that a correctional officer offered to pay inmates to harm Plaintiff and labeled Plaintiff a snitch in front of other inmates, not fail re to provide medical care. Therefor

Plaintiff's Eighth Amendment failure to protect claim accordingly arises in a new Bivens context."

First of all, Abbai is at odds with Farmer, and Plaintiff failure to protect claim should not be dismissed based on Abbasi. See Pumphrey v. Coakley, 2018 U.S.dist. LEXIS 43209,2018 WL 1359047 (S.D.W.Va March 16,2018)(J.Berger). Plaintiff's claim of a fialure to protect is not an improper expansion of the Biven remedy. And Plaintiff's case ought to lead to the conclusion that the substance of Abbasi does not support dismissal of Plaintiff's Bivens claim in this instant matter.

Even if this case were considered a Bivens expansion based on the minor differences in fact between Carlson, this District Court should find the appropriate the limited expansion necessary to incorporate cases of this nature given the claims of direct and specific failure toprotect allegations under Eighth Amendment. Neither of the Plaintiff's claims at issue in the Defendant's motion to dismiss implicate policy or policy-making officials and are the type of claims that are frequently litgated in the prison context. These claims of direct and specific failure to protect claims are frequently litigated and well-suited to judicial consideration, even absent congressional action. Therefore, Plaintiff's failure to protect claims under Eighth Amendment do not involve Bivens expansion, ane even if they did, there is no indication that congressional action is necessary to determine whether a Bivens type remedy is available here.

This District Court must determine whether Bivens should be extanded to the above new context First, the Court should consider "whether any alternative, existing process for protecting the interest amounts to a convicing reason for the judicial Branch to refrain from providing a new freestanding remedy in damages" Wilkie 551 U.S at 550 127 S Ct.2588,168 L.Ed 2d 389. "[T]he existance of alternative remedies usually precludes a court from authorizing a Bivens action." Abbasi 137 S Ct at 1865("[I]f there is an alternative remedial structure present in a certain case that alone may limit the power of the Judiciary to infer a new Bivens cause of action."):Malesko, 534 U.S at 69 122

S Ct at 515("So long as the plaintiff had an avenue for some redress, a court may decline to provide a new Bivens remedy). The Migistrate Judge and the Defendant Preston argues that at least three distinct alternative remedies are available'the BOP adiministrative remedy program, the FTCA, and state law causes of action. As to the administrative remedy program, the Migistrate Judge merely concludes that such is an avenue of relief that alone is sufficient to precluded the expansion of Bivens to the failure to protect context(Migistrate Report pages 9-11) The Migistrate Judge nor the Defendant Preston, however, fails to explain what possible relief is available to Plaintiff in the failure to protect context. This District Court had order an evidentiary hearing to hear evidence on Plaintiff's administative remedy claims but was denied a hearing. The Migisatre Judge and Defendant Preston ackonwledge that the administative remedy program does not provide monetary relief. (Id.) A review of the record reveals that in response to Plaintiff's administrative remedy filings the Warden and Administartor informed Plaintiff that his allegations were reported to the appropriate BOP department for an investigation, but Plaintiff would not be informed of the findings or results. Plaintiff submits,this is not a meaningful alternative to a Bivens remedy in the insatnt case. See Jerra v. United States 2018 U S Dist LEXTS53512 2018 WL1605563 (C.D Cal March29,2018(finding that injunction relief,state tort law, the FTCA and the BOP adiministative remedies did not constitute alternative remedies precluding Bivens releif). In the instant case, Plaintiff alleges that Defendant Preston offered to pay inmates to harm Plaintiff and labeled Plaintiff a snitch in front of inmates and staff, and that Plaintiff was assulted and harmed by inmate Emmanuel Ward, #23749-045 when he punched Plaintiff in the face and Plaintiff fell back and hit his head on the matal locker and was kicked in the stomach as a direct result of Defendant Preston falsely labelling Plaintiff as a snitch infront of Emmanuel ward and other inmates and staff. Thus, this case can be similar to Bivens or Davis in which is damages or nothing "Abbasi, 137 S.Ct.at 1862-63

As a general matter, the Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97,103,97 S.Ct 285,290,50 L.Ed.2d 251 (1976)(quoting Gregg v. Gerogia 428 U S 153 173 96 S Ct 2909 2925,49 L Ed 2d 859 (1976)) it not only outlaws excessive sentences but also protects inmates from inhumane treatment and condictions while imprisoned Williams v. Benjamin, 77 F 3d 756 761 (4th Cir.1996) Thus under the Eighth Amendment, sentenced prisoners are entitled to "adequate food,clothing,shelter,sanitation,medical care and personal safety Wolfish v. Levi 573 F 2d 118 125 (2nd Cir.1978) rev d on other grounds[@]!* U S.Dist.LEXIS49]. Bell v. Wolfish, 441 U.S.520,99 S.Ct.1861,60 L.Ed.2d 447 (1979). See Farmer v. Brenna, 511 U S. 825,832,114 S.Ct 1970,1976 128 L Ed.2d811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duites upon prison officials to "ensure that inmates receive adequate food,clothing,shelter and medical care and must 'take reasonable measures to guarantee the safety of the inmates "),Hudson v. McMillian,503 U.S.1,9,112 S.Ct.995,1000,117 L Ed.2d 156 (1992)(holding that the excessive force standard applied to an officer who punched an inmate for no apparent reason). In determing whether a prison officials acted maliciously and sadistically,a personer who suffer a malicious injury may be ableto prevail on an excessive force claim but not on a deliberate indifferance claim.

Plaintiff has a Bivens type and Farmer type of claim against Defendant Preston,because Defendant Preston "guarantee the safety of the inmate Farmer,Id. It is therefore questionable whether Defendant Preston must guarantee the safety of an inmate under Farmer, the Abbasi holding appears to undermine the logic of Farmer if the law is applied the way the Migistrate Judge and Defendant Preston apply the law. Furthermore, there is stiil a genuine of materialfacts that has not been rebutted by the Defendant Preston See Anderson v. Liberty Lobby,Inc, 477 U S 242 255 106 S Ct.2505,91 L.Ed.2d 202 (1986)("Credibility determinations, the weighing of the evidence, and the drawing oflegitimate inferences from the facts are jury functions, not those of judge...ruling on a motion for summary judgement ")

Finally, the Supreme Court Justice Breyer, has observed in his dissent,"Indeed, we have said that "[i]f a federal prisoner in a [Bureau of Prisons] facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. Malesko,534 U.S., at 72,122 S.Ct 515 151 L.Ed.2d 456; see also Farmer v. Brennan,511 U.S. 825,832 114 S.Ct 1970 128 L.Ed.2d 811 (1994)(Bivens case about prisoner abuse). This District Court should overrule the Migistarte Judge finding and recommendations in its entirety, and should Order the Migistatre Judge to hold the evideniary hearing as this Court had Ordered, deny the Defendant Preston's motion to dismiss and granted Plaintiff the opportunity to proceed forward with his case.

Respectfully submitted,

*Marcellas Hoffman*

Marcellas Hoffman pro se

CERTIFICATE OF SERVICE AND FILING

Pursuant to the principles of Houston v. Lack 487 U.S 266,276 (1988), Plaintiff Marcellas Hoffman has this day filed with the Court and served counsel for the opposing party with the required original and copy of the Objection to the Migisrate Finding And Recommendation enclosed document by depositing same in the prison legal mail collection box, in seald envelopes first calss posatge affixed and addressed to Clerk U.S.District Court 2500 Tulare Street Room 1501 U.S Courthouse Building Fresno,CA 93721-2201

Signed under penalty of perjury under 28 U.S.C.§1746 this 20th day of November 2019

Marcellas Hofman #40369050

P.O.Box 305
Jonesville,Va 24263

5