# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLAS HOFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY PRESTON,<br><br>    Defendant. | Case No. 1:16-cv-01617-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY ACTION<br><br>(ECF No. 56)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 51) |

Plaintiff Marcellas Hoffman is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I. Introduction

On October 11, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that Defendant Timothy Preston's motion to dismiss be granted without leave to amend and that this action be dismissed, with prejudice, for failure to state a claim upon which

1

relief may be granted under Bivens.  (ECF No. 51.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty (30) days after service.  (Id.)  Following an extension of time, Plaintiff filed written objections to the findings and recommendations on December 2, 2019.  (ECF No. 54.)  On December 16, 2019, Defendant filed a response to Plaintiff's objections.  (ECF No. 55.)

On December 16, 2019, Plaintiff filed a "motion to place case in abeyance," which the Court construes as a motion to stay this action.  (ECF No. 56.)

**II.     Plaintiff's Motion to Stay Action**

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433-34 (2009).   The following factors shall be considered when determining if a stay is appropriate: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 268 (9th Cir. 1962).  Further, "[g]enerally, stays should not be indefinite in nature."  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007).  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.  Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  The Court should "balance the length of any stay against the strength of the justification given for it."  Id.

Here, Plaintiff moves to stay this action while he attends a sentencing hearing before a United States District Court in Philadelphia, Pennsylvania because, while he is at the hearing, he will not be housed at U.S. Penitentiary Lee, his address of record, to receive any legal mail and respond to any court rulings.  (ECF No. 56.)  Plaintiff asserts that he will notify the Court and file a motion to have the stay of this action lifted within thirty days after returning to U.S. Penitentiary

Lee.

However, at this time, Plaintiff has failed to demonstrate that there is sufficient justification to support an indefinite stay of this action while sentencing proceedings are ongoing in Pennsylvania. Initially, since Plaintiff has already filed written objections to the pending October 11, 2019 findings and recommendations to grant without leave to amend Defendant's motion to dismiss, Defendant's motion to dismiss is ripe for decision. Further, there are currently no deadlines in this case requiring Plaintiff to take any action. Finally, it is Plaintiff's duty to keep his address of record updated and current so that he can receive any mail from the Court and Defendant regarding this action and take appropriate responses to the Court's rulings and the opposing party's filings. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.").

Therefore, Plaintiff's motion to stay this action, (ECF No. 56), is denied.

### III. The October 11, 2019 Findings and Recommendations are Adopted in Full

In his objections to the October 11, 2019 findings and recommendations, Plaintiff contends that the undersigned should decline to adopt the findings and recommendations and deny Defendant's motion to dismiss because his Eighth Amendment failure to protect claim is not an improper expansion of the Bivens remedy.

First, Plaintiff argues that his Eighth Amendment failure to protect claim is not a new Bivens context because the U.S. Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994), has already recognized an implied Eighth Amendment failure to protect claim in a Bivens context. However, the U.S. Supreme Court never explicitly stated in Farmer that it was recognizing an implied Bivens Eighth Amendment failure to protect claim. Additionally, in Ziglar v. Abbasi, ____ U.S. ____, 137 S. Ct. 1843 (2017), the U.S. Supreme Court stated that Bivens, Davis v. Passman, 442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980) "represent the *only* instances in which the Court has approved of an implied damages remedy under the Constitution itself." Ziglar, 137 S. Ct. at 1854-55 (emphasis added). Therefore, since Plaintiff's Eighth Amendment failure to protect claim is "different in a meaningful way from" the claims raised in Bivens, Davis, and Carlson, the undersigned agrees with the Magistrate Judge's

3

finding that Plaintiff's Eighth Amendment failure to protect claim is a new <u>Bivens</u> context. Consequently, Plaintiff's first objection is overruled.

Second, Plaintiff argues that, even if his Eighth Amendment failure to protect claim is a new <u>Bivens</u> context, no special factors counsel hesitation in extending the <u>Bivens</u> remedy to his claim. Specifically, Plaintiff states that the <u>Bivens</u> remedy should be extended to his Eighth Amendment failure to protect claim because his claim does not implicate prison policy or policy-making officials, his claim is the type of claim that is frequently litigated in the prison context, and this is a case like <u>Bivens</u> or <u>Davis</u> in which "it is damages or nothing." <u>Davis</u>, 442 U.S. at 245; <u>Bivens</u>, 403 U.S. at 410 (Harlan, J., concurring in judgment). However, the undersigned agrees with the Magistrate Judge's determination that Plaintiff has or had alternative remedies available to him and that legislative action suggests that Congress does not want an implied damages remedy for Plaintiff's Eighth Amendment failure to protect claim. Therefore, Plaintiff's second objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay this action, (ECF No. 56), is DENIED;
2. The findings and recommendations issued on October 11, 2019, (ECF No. 51), are adopted in full;
3. Defendant Timothy Preston's motion to dismiss, (ECF No. 47), is GRANTED WITHOUT LEAVE TO AMEND;

///

///

///

///

4. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under Bivens; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 4, 2020**           **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE